UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MOHAMMED RAZA,

               Petitioner,

    v.

MARKWAYNE MULLIN, *et al.*,

               Respondents.

Case No. 5:26-cv-1729-MAR

**ORDER GRANTING PETITION FOR HABEAS CORPUS**

## I.

## INTRODUCTION

On April 8, 2026, Petitioner Mohammed Raza ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging his detention as a violation of the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act ("INA").  Dkt. 1 ("Pet.").

Petitioner requests the court issue an order: (1) commanding Petitioner's immediate release from Adelanto ICE Processing Center and ordering that all of his personal property be returned to him; (2) enjoining Respondents from re-detaining Petitioner without first providing a pre-deprivation hearing before a neutral adjudicator where the government demonstrates by clear and convincing evidence that there has

1

been a material change in circumstances such that he is now a danger or a flight risk and that his removal is reasonably foreseeable (3) enjoining Respondents from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal; (4) enjoining Respondents from re-detaining Petitioner without first following all procedures set forth in 8 C.F.R. §§ 241.4, 241.13, and any other applicable statutory and regulatory procedures; and (5) enjoining Respondents from removing or attempting to remove Petitioner to a third country unless Respondents adhere to the following: (a) provide Petitioner and his counsel a minimum of ten (10) days to raise a fear-based claim for protection prior to removal; (b) if Petitioner does assert a fear-based claim, provide Petitioner a meaningful opportunity to be heard on his fear-based claim.  Pet. at 31–32.[1]  Respondents filed an Answer stating they are not presenting an opposition argument.  Dkt. 9 ("Answer").  Petitioner filed a Reply.  Dkt. 11 ("Reply").

For the reasons stated herein, the court **GRANTS** the Motion and **ORDERS** Respondents to release Petitioner from custody immediately and return all property to Petitioner that was confiscated from him when he was arrested and processed into detention.

## II.

## BACKGROUND[2]

Petitioner alleges as follows.  Petitioner is a Pakistani national who has resided in Southern California for over twenty years.  Pet. at 7.  He was granted asylum and lawful permanent resident status, however the status was revoked when he was convicted of a nonviolent crime in 2015.  Id.  Petitioner was re-detained but eventually granted deferral of removal under the Convention Against Torture ("CAT").  Id.  Petitioner was released

---

1 The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

2 The facts as described herein are drawn from the Petition and the attached exhibits.  The facts are not contested and thus the Court accepts them as true.

in 2016 and has consistently complied with all immigration requirements.  Id. at 8.

On March 18, 2026, Petitioner was detained by ICE agents at Long Beach Airport, without any advance notice, cause, or opportunity to respond.  Id.  Since his re-detention, his health has rapidly declined.  Id. at 9.  Respondents have repeatedly prevented Petitioner from accessing counsel.  Id.  Respondents have not provided Petitioner or his counsel any information regarding to which country Respondents intend to remove Petitioner.

### III.

### DISCUSSION

As an initial matter, Petitioner challenges the constitutionality and sufficiency of the process by which he was arrested and re-detained, as well as the constitutionality and sufficiency of the process by which he may be removed to a third country.  Pet. at 16–30.  A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(1), (3).  It is firmly established that Section 2241 "remain[s] available as a forum for statutory and constitutional challenges to post-removal-period detention."  Zadvydas v. Davis, 533 U.S. 678, 688 (2001); see also Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) ("The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention.").  This court has habeas jurisdiction under § 2241 to consider these claims.  See Delkash v. Noem, No. 5:25-CV-01675-HDV-AGR, 2025 WL 2683988 (C.D. Cal. Aug. 28, 2025) (finding district court had habeas jurisdiction to consider petition challenging deficiency of procedures afforded to petitioner whose OSUP was revoked); Hernandez v. Sessions, 872 F.3d 976, 987 (9th Cir. 2017); Noori v. LaRose, 807 F. Supp. 3d at 1159–63 (S.D. Cal. 2025) (finding district court had habeas jurisdiction to consider a petition challenging the lawfulness of the detention and revocation of parole of an asylum seeker).

///

**A. Applicable Law**

Detention, release, and removal of individuals ordered removed is governed by 8 U.S.C. § 1231(a). Johnson v. Arteaga-Martinez, 596 U.S. 573, 578 (2022). A noncitizen shall be removed within 90 days of the removal order, subject to a potential 90-day extension. 8 U.S.C. § 1231(a)(1). However, once that period passes, and the noncitizen is not removed, they "shall be subject to supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3). The noncitizen may be detained beyond the removal period under certain conditions, but "if released, shall be subject to the terms of supervision in paragraph (3)." Id. § 1231(a)(6).

Sections 241.4 and 241.13 of Title 8 of the Code of Federal Regulations govern the release of noncitizens pursuant to 8 U.S.C. § 1231(a)—and the revocation of that release. Both sections allow release to be revoked when a noncitizen violates the conditions of their release. 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(1).[3] And both sections establish certain required process for the revocation of release. Upon such revocation, the noncitizen (1) "will be notified of the reasons for revocation of his or her release" and (2) will be given "an initial informal interview promptly after his or her return to [] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." Id. §§ 241.4(l)(1), 241.13(i)(3). If the noncitizen continues to be detained after the informal interview, they shall be scheduled for the "normal review process," which begins with notification of a records review and scheduling of an interview, "which will ordinarily be expected to occur within approximately three months after release is revoked." Id. §§ 241.4(l)(3); 241.13(i)(2) ("[I]f the [noncitizen] is not released from custody following the informal interview . . . the provisions of § 241.4 shall govern the [noncitizen]'s continued detention pending removal."). "In simpler terms, in order to

---

[3] Section 241.4(l) also allows revocation "in the exercise of discretion when, in the opinion of the revoking official" certain other conditions are met, and section 241.13(i) also permits revocation "if, on account of changed circumstances, the [government] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." Id. §§ 241.4(l)(2), 241.13(i)(2).

4

revoke release, the government must notify the noncitizen of the *reason* for the revocation and give them both an *informal and formal interview*." Delkash v. Noem, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *4 (C.D. Cal. Aug. 28, 2025).

Additionally, it is well-established that the Government is prohibited from removing a noncitizen to any third country where they may be persecuted or tortured. See 8 U.S.C. § 1231(b)(3)(A); Ramos v. Noem, No. 5:26-CV-00064-MEMF-ADS, 2026 WL 303536 (C.D. Cal. Feb. 4, 2026). "If [noncitizens] would face persecution or other mistreatment in [a third country], they have a number of available remedies: asylum; withholding of removal; relief under an international agreement prohibiting torture; and temporary protected status." Jama v. Immigr. & Customs Enf't, 543 U.S. 335, 348 (2005) (internal citations omitted).

By the same token, it is well-established that due process requires that, at the very least, a noncitizen being removed to a third country be given an opportunity to be heard on whether they are subject to persecution or torture in that third country. Ramos, 2026 WL 303536, at *6. In fact, the Ninth Circuit has held that failing to provide a noncitizen an opportunity to address his fear of persecution in the country in which he is being removed is a due process violation: "Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both [immigration] regulations and the constitutional right to due process." Id. (citing Andriasian v. I.N.S., 180 F.3d 1033, 1041 (9th Cir. 1999)).

**B.    Analysis**

The Court finds that Petitioner has demonstrated that the government did not comply with the process laid out in sections 241.4(l)(1) and 241.13(i)(3). First, Petitioner was never notified of the reasons for revocation of his release. Dkt. 1-1, Declaration of Tauseef Raza, ("Tauseef Decl.") at ¶ 8; Declaration of Saba Kapadia ("Kapadia Decl.") at ¶ 6. "Petitioner must be told what circumstances had changed . . . in order to meaningfully respond to the reasons and submit evidence in opposition," as allowed

under sections 241.4(l)(i) and 241.13(i)(3).  See Hashemi, 809 F. Supp. 3d at 1035 (citing Sarail A. v. Bondi, 803 F. Supp. 3d 775, 2025 WL 2533673, at *10 (D. Minn. 2025); Esmail v. Noem, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025)).  Notice must provide real, specific, concrete information that a noncitizen could actually respond to.  See id.  Here, there is no contention that Petitioner was ever notified of the reasons for his detention.  See Answer.

Second, there is no evidence that Petitioner was afforded a meaningful informal or formal interview as required by 8 C.F.R. 241.13(i)(3); see Hashemi, 809 F. Supp. 3d at 1035 (citing Sarail A., 2025 WL 2533673, at *10; Esmail, 2025 WL 3030590, at *6); 8 C.F.R. § 241.13(i)(3) ("afford[ing] [noncitizens] an opportunity to respond to the reasons for revocation," including an opportunity to "submit any evidence or information that he . . . believes shows . . . that he . . . has not violated the order of supervision")).  In fact, Petitioner's counsel was repeatedly denied access to Petitioner.  See also Hashemi v. Noem, 2025 WL 3468694 at *5, (suggesting that noncitizens have a right to counsel in cases where their post-order detention has been revoked).  Petitioner's arrest and re-detention were in violation of the procedures required under 241.4(l)(1) and 241.13(i)(3) and, thus, invalid.

The government's failure to provide Petitioner a meaningful notice of revocation and informal interview is in clear violation of the requirements of sections 241.4(l)(1) and 241.13(i)(3).  A growing number of courts—including this one—have unequivocally found that the government's failure to follow its release revocation procedures renders the re-detention unlawful and requires release.  See Delkash, 2025 WL 2683988, at *5–6 (collecting cases).  "These procedures are not optional or discretionary; they must be followed, and failure to do so renders the detention unlawful."  Id. at *6.  "Rules matter. Hearings matter."  Id. at *1.

Petitioner contends that he should be given a minimum of ten days to raise a fear-based claim for CAT protection prior to removal.  See Pet. at 26, 32.  Under Mathews, the procedural steps must "be tailored, in light of the decision to be made, to 'the

capacities and circumstances of those who are to be heard,' to insure that they are given a meaningful opportunity to present their case." Mathews v. Eldridge, 424 U.S. 319, 349 (quoting Goldberg v. Kelly, 397 U.S. 254, 268-69 (1970)) (emphasis added).  Other courts have found a ten- or fifteen-day timeframe reasonable because it "reflect[s] the agencies' determination—on two separate occasions spanning a period of nearly 20 years—of an appropriate period of time during which a[] [noncitizen] should be permitted to object to an adverse determination."  Ramos, 2026 WL 303536, at *6 (collecting cases).  "Ten days is also the timeframe in which reasonable fear interviews are to be completed in other contexts pursuant to regulation."  Id. (citing Kumar v. Wamsley, No. C25-2055-KKE, 2025 WL 3204724, at *8 (W.D. Wash. Nov. 17, 2025)).  The Court therefore finds that ten days is a sufficient—but not excessive—period of time needed to ensure he is "given a meaningful opportunity to present [his] case."  Mathews, 424 U.S. at 34.

Finally, the Court notes that it will entertain an application by Petitioner requesting an award of reasonable attorney's fees and costs under the Equal Access to Justice Act ("EAJA") that is filed within 30 days of entry of final judgment in this action. See Rahimi v. Semaia, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

## IV.

## **ORDER**

For the reasons stated, the court **GRANTS** the Petition and **ORDERS** Respondents to:

(1) release Petitioner from custody and with the same conditions in place at the time of his unlawful re-detention, and return all property taken from him during his arrest and processing into detention including but not limited to his passport, state-issued I.D., employment authorization document, and cell phone;

(2) not re-detain Petitioner unless he receives process as required under 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3), any other applicable statutory and regulatory procedures, and the Due Process Clause of the Fifth Amendment;

(3) not re-detain Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal;

(4) not remove or attempt to remove Petitioner to a third country unless Respondents adhere to the following:

   (a) provide Petitioner and his counsel a minimum of ten (10) days to raise a fear-based claim for protection prior to removal;

   (b) if Petitioner does assert a fear-based claim, provide Petitioner a meaningful opportunity to be heard on his fear-based claim;

(5) file a statement with the court within one business day of Petitioner's release, attesting to Respondents' compliance with this Order.

The court exercises its discretion and waives the posting of a bond. See Fed. R. Civ. P. 65(c).

Dated: April 21, 2026

MARGO A. ROCCONI
United States Magistrate Judge

8